UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AMY R. GURVEY,

         Plaintiff,

v.

HON(S). JANET DIFIORE, ALAN SCHEINKMAN (2ND DEPT.), ELIZABETH GARRY (3RD DEPT.), GERALD WHELAN (4TH DEPT.), LAWRENCE MARKS (NYS OFFICE OF COURT ADMINISTRATION), JORGE DOPICO & ERNEST CALLAZO (1ST DEPT. ATTORNEY GRIEVANCE COMMITTEE),

and

RICHARD SUPPLE, HINSHAW & CULBERTSON LLP, O. LEE SQUITIERI, ESQ., SQUITIERI & FEARON, LLP, JORGE DOPICO, ERNEST CALLAZO, ALAN FRIEDBERG, SHERRY COHEN, THOMAS CAHILL (deceased), ORLANDO REYES, JAMES T. SHED, HON(S). LUIS GONZALEZ, JONATHAN LIPPMAN, PETER TOM, HERAING PANEL IV, LAUREN HOLMES, AND DOES 10-10, inclusive,

         Defendants.

---

**MEMORANDUM AND ORDER**

19-CV-4739 (LDH) (ST)

L**A**S**HANN** D**E**A**RCY** H**ALL**, United States District Judge:

  Plaintiff Amy R. Gurvey, proceeding *pro se*,[1] filed the instant action against current and former New York State judges Janet DiFiore, Lawrence K. Marks, Alan D. Scheinkman,

---

[1] Though proceeding *pro se*, Plaintiff states that she was admitted to the practice of law in New York State in 1985. (*See* Am. Compl. ¶ 75, ECF No. 10.) Typically, when the plaintiff is proceeding *pro se*, the Court must "construe liberally" her complaint and any further pleadings, and "interpret them to raise the strongest arguments that they suggest." *Cold Stone Creamery, Inc. v. Gorman*, 361 F. App'x 282, 286 (2d Cir. 2010) (internal quotation marks and citation omitted). However, because Plaintiff is a licensed attorney, the Court declines to apply this liberal standard. *See Breindel & Ferstendig v. Willis Faber & Dumas Ltd.*, No. 95 CIV. 7905 (SHS), 1996 WL 413727, at *5 (S.D.N.Y. July 24, 1996) ("Although pleadings by a party proceeding pro se ordinarily are construed extremely liberally, the same does not hold true where the pro se party is an attorney or law firm." (internal citations omitted)); *Cf. Larsen v. JBC Legal Grp., P.C.*, 533 F.Supp.2d 290, 295 n.2 (E.D.N.Y. 2008) ("[T]he rules afforded pro se litigants are not relaxed when that litigant is also an attorney[.]").

1

Elizabeth A. Garry, Rolando T. Acosta, Jonathan Lippman, Luis A. Gonzalez, Peter Tom, and Gerald Whelan; current and former attorneys of the New York Appellate Division, First Department's Attorney Grievance Committee ("AGC") Alan W. Friedberg, Ernest J. Collazo, Jorge Dopico, Sherry Cohen, Thomas Cahill, Orlando Reyes, James Shed, and Lauren Holmes (collectively, the "State Defendants"); Richard Supple and Hinshaw & Culbertson LLP ("Hinshaw," and together with Defendant Supple, the "Hinshaw Defendants"); and O. Lee Squitieri and Squitieri & Fearon, LLP ("Squitieri," and together with Defendant O. Lee Squitieri, the "Squitieri Defendants").  Plaintiff filed an amended complaint on September 27, 2019 seeking injunctive relief and money damages.  (*See* Am. Compl.)

## BACKGROUND[2]

I. **Plaintiff's History of Vexatious Litigation**

   A. **Ethics Complaints Against the Cowan Firm**

Plaintiff, who was previously admitted to the practice law in California, was admitted to the practice law in New York in 1985.  (Am. Compl. ¶ 75.)  In 2001, Plaintiff established a Delaware company to hold certain intellectual property rights she was developing.  (*Id.*)  In January 2002, Plaintiff was hired as Of Counsel by the New York law firm Cowan Liebowitz & Latman (the "Cowan firm").  *See Gurvey v. Cowan, Liebowitz & Latman, PC.*, 06-CV-1202, 2009 WL 1117278, at *1 (S.D.N.Y. Apr. 24, 2009) (citing Plaintiff's pleading referencing her employment contract with the Cowan firm).  In May 2002, Plaintiff's employment with the

---

[2] The amended complaint is lengthy, verbose, and poorly organized.  It includes entire sections committed to Plaintiff's interpretation of state and federal law (many of which involve misapprehensions of law) and conclusory factual allegations.  Nonetheless, the following facts are taken from the amended complaint, and prior filings incorporated therein, and assumed to be true for the purposes of this memorandum and order.  The Court also takes judicial notice of certain orders entered by state and federal courts relevant to issues resolved by this memorandum and order.  *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

2

Cowan firm was terminated, but she continued to maintain an office at the firm until August of that year. *Id*. Prior to Plaintiff's termination, the Cowan firm agreed to represent Plaintiff before the U.S. Patent and Trademark Office ("USPTO"). *Id*. Plaintiff believed that filings made by the Cowan firm on her behalf were defective and/or delayed. (*See* Am. Compl. ¶ 95.) As such, in or around 2004, she filed a series of ethics complaints with the AGC against the Cowan firm. (*Id*. ¶ 91.) Among other things, Plaintiff sought the return of certain files related to her patent applications. (*Id*.)

### B. SDNY Suit Against the Cowan Firm

On February 15, 2006, Plaintiff brought suit in the United States District Court for the Southern District of New York (the "SDNY Action") against the Cowan firm and its attorneys in connection with their representation of her before the USPTO. (*Id*. ¶ 95.) In that suit, Plaintiff alleged that, among other things, the Cowan firm abandoned her patent applications and failed to disclose admitted conflicts of interest. (*Id*.) Plaintiff sought damages for alleged spoliation of documents and the return of her complete patent files. (*Id*.) The Hinshaw Defendants represented the Cowan firm in the SDNY Action. (*Id*. ¶ 97.) According to Plaintiff, the Hinshaw Defendants had previously served on the AGC, and thus, had a conflict of interest in representing the Cowan firm. (*Id*.)

### C. Supreme Court Suit Against the Squitieri Defendants

The Squitieri Defendants represented Plaintiff in the SDNY Action. *Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 06-CV-1202 (LGS) (HBP), 2013 WL 3718071, at *15 (S.D.N.Y. July 15, 2013). At some point, Plaintiff's relationship with Squitieri Defendants soured. *See id*. Although the relationship ended, Plaintiff alleged Squitieri did not return her files. *Id*. As a result, Plaintiff filed suit against the Squitieri Defendants in New York Supreme Court, New

York County for legal malpractice and breach of fiduciary duty. *Id*. The mater was ultimately resolved by order of the court directing the Squitieri Defendants "to produce to plaintiff all available emails and electronic files concerning their representation of plaintiff between 2007 and 2010[.]" *See Gurvey v. Squitieri and Fearon, LLP*, No. 102516/12, slip op. (N.Y. Sup. Ct. Apr. 30, 2013). Nevertheless, Plaintiff moved for a writ of replevin in the SDNY Action seeking the return of her files from the Squitieri Defendants. *See Gurvey*, 2013 WL 3718071 at *15. The court found Plaintiff's replevin motion was moot in light of the New York Supreme Court's decision. *Id*. The court further noted that "[e]ven if [Plaintiff's] application for a writ of replevin were not moot, it would be barred by the doctrine of *res judicata*, because an identical motion has also been made and ruled upon in her lawsuit . . . in the Southern District of California." *Id*. at *15 n.5 (citing *Gurvey v. Legend Films, Inc.*, No. 3:09-CV-00942(AJB), 2013 WL 1883229, at *1–2 (S.D. Cal. May 3, 2013)).

      **D.**    **Housing Litigation**

Sometime around 2002, Plaintiff became embroiled in litigation with her landlord wherein she claimed that she was fraudulently induced to vacate her federally subsidized Battery Park City apartment (the "Housing Litigation"). *See In re Gurvey*, 958 N.Y.S.2d 5, 5 (App. Div. 2012) (summarizing litigation). The Housing Litigation resulted in, among other things, three state court decisions imposing monetary sanctions against Plaintiff totaling $8,783. *Id.* In imposing the sanctions, the court concluded that they were warranted due to Plaintiff's "years of vituperative litigation, frivolous motion practice, and intentional misrepresentations to the court." *Id.* at 6 (internal quotations marks omitted). Indeed, the court concluded that Plaintiff's conduct was "indicative of harassment and an abuse of the judicial process," "mean spirited and

4

vexatious," and that her "inappropriate use of the courts" resulted in "needless expense in the defense of a frivolous lawsuit." *Id.* at 5–6.

### E. Disciplinary Proceedings Against Plaintiff

In or about April 2005, the AGC[3] commenced a disciplinary proceeding against Plaintiff for violations of the Code of Professional Responsibility allegedly committed by her during the Housing Litigation. *Id.* In December 2011, the AGC moved pursuant to 22 New York Codes, Rules, and Regulations § 605.15 to suspend Plaintiff's license to practice law for one year, arguing that "whether [Plaintiff] was in active practice or not, she engaged in a long pattern of frivolous litigation and willfully disregarded judicial orders imposing sanctions." *Id*. In a decision dated December 4, 2012, the New York Appellate Division, First Department ("First Department") granted the AGC's motion, suspended Plaintiff from practicing law in New York for six months, and required Plaintiff to submit proof that she had paid the sanctions imposed during the Housing Litigation before seeking reinstatement. *Id.* at 7. In turn, Plaintiff filed suit against the Hon. Luis A Gonzalez, Chief Justice of the First Department, the Hon. Jonathan Lippman, Chief Justice of the New York Court of Appeals, and several AGC officers (including Defendants DoPico, Cahill, Reyes, Shed, and Tom) in federal court seeking to vacate the First Department's order suspending her from the practice of law; reinstatement; and unspecified money damages. *See Weissbrod v. Gonzalez*, 13-CV-2565 (JMF), 2013 WL 12084506 (S.D.N.Y. May 2, 2013), *aff'd*, 576 F. App'x 18 (2d Cir. 2014). The court found that Plaintiff's claims challenging the AGC's discipline imposed against her were barred by the *Rooker-Feldman* doctrine. *Id.* at *2. Further, the court found that Plaintiff's claims against the

---

[3] Formerly known as the First Department's Departmental Disciplinary Committee.

5

individual defendants were precluded under judicial immunity or quasi-judicial immunity. *Id*. at *2–3.

## II. The Amended Complaint

On September 27, 2019, Plaintiff filed an amended complaint in this action incorporating by reference her prior filings with this Court and filings made in the above-mentioned proceedings. (*See generally* Am. Compl.) According to Plaintiff, beginning in 2005, AGC officers and staff attorneys created "forged and perjured documents and inserted these documents into [her] . . . bar files." (*Id.* ¶¶ 45–46.) She further alleges that the Squitieri Defendants had access to and altered her files in the attorney discipline proceedings against her. (*Id.* ¶ 71.) Plaintiff contends that the Hinshaw Defendants and Squitieri Defendants conspired with the AGC to corrupt her disciplinary proceedings. (*Id.* ¶¶ 46, 62, 90.) Plaintiff maintains that this conduct was done in retaliation because she filed ethics complaints against the Cowan firm. (*Id.* ¶ 40.)

Plaintiff also challenges the constitutionality of New York's Judiciary Law § 90 and Part 1240 of Title 22 of the N.Y.C.R.R. ("Part 1240") related to attorney discipline and simultaneously complains that these provisions were not adhered to in her disciplinary proceedings. (*Id.* ¶¶ 30, 55.) In particular, Plaintiff alleges that Defendant Hon. Luis A. Gonzalez failed to supervise AGC attorneys and did not have jurisdiction to preside over Plaintiff's ethics proceedings. (*Id.* ¶ 17.) Finally, Plaintiff challenges the First Department's jurisdiction to institute the disciplinary proceedings in the first instance. (*Id.* ¶¶ 10, 48.)

Plaintiff demands injunctive and declaratory relief as well as unspecified monetary damages. (*Id.* ¶¶ xi–xx, 145, 148.) She asks this Court to compel state court judges to vacate certain state court orders, reopen the disciplinary proceedings against her, produce records from

6

those proceedings and her bar files, and reopen ethics complaints she filed against the Squitieri and Hinshaw Defendants.  (*Id.* ¶¶ 150, (b), (d), (f)–(g).)  She seeks an order compelling the New York Office of Court Administration to produce the legislative history and drafting notes for "Judiciary Law (JL) Part 1240." (*Id.* ¶ 57.)  She asks this Court to intervene in the SDNY Action, by issuing an order disqualifying Defendants Richard Supple and Hinshaw as the Cowan firm's counsel; compelling the Cowan firm to return her patent and inventorship files; and compelling the Squitieri Defendants to give Plaintiff files related to their representation of her, including communications between Defendant Squitieri and opposing counsel.  (*Id.* ¶¶ 77–80, 99, (i).)  Finally, Plaintiff seeks a declaration that State Defendants "have imposed and continue to impose unconstitutional protocols against [her] since 2004."  (*Id.* ¶ (a).)

## DISCUSSION

It is impossible to discern with certitude what claims are being advanced by Plaintiff.[4] That said, at various points the amended complaint makes opaque references to claims for violations of: the First and Fourteenth Amendments brought pursuant to 42 U.S.C. § 1983, (Am. Compl. ¶¶ ii, xii, xiii, 22, 87–88); the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (*Id.* ¶¶ x, 40, 62, 70, 146); the Freedom of Information Act ("FOIA"), (*Id.* ¶¶ xiv, 57, 156); New York Rules for Attorney Disciplinary Matters, (*Id.* at ¶¶ iii, iv, vi, viii, ix, xiv); and state law tort claims, including defamation, (*Id.* ¶¶ xviii, 61, 140), intentional infliction of emotional distress, (*Id.* ¶¶ xix, 25), aiding and abetting fraud (*Id.* ¶¶ viii), and abuse of process (*Id.* ¶¶ xviii, 9).

"[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362,

---

[4] The amended complaint does not set forth separate claims for relief as required by Fed. R. Civ. P. 8(a)(2).

7

364 (2d Cir. 2000).[5] An action is frivolous when it is "based on an indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 473 (2d Cir. 1998). Moreover, "[a] complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (*per curiam*) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). There can be no question—this action is frivolous.

**I.      Plaintiff's Claims Against the State Defendants**

As best as the Court can glean, Plaintiff generally alleges the State Defendants improperly carried out their duties (or failed to do so) in violation of Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution and the New York Rules for Attorney Disciplinary Matters. (*Id.* ¶¶ iii–iv, vi, viii, xii–xiii, 2–5, 8–12, 17–18, 21–22, 39, 41, 60, 66.) Plaintiff also alleges the State Defendants defamed Plaintiff and intentionally inflicted emotional distress through "malicious and abhorrent abuse of process[.]" (*Id.* ¶ xix; *see also* ¶¶ xviii, 25.) Finally, Plaintiff seeks FOIA orders against certain State Defendants to compel the production of legislative drafting notes. (*Id.* ¶¶ xiv, 57, 156.) These claims are barred.

As a matter of law, the State Defendants are immune from suit. Judges are immune from suit for judicial acts performed in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." (citation omitted)). This absolute immunity extends to "certain others who perform functions closely associated with the judicial process." *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985).

---

[5] The State Defendants and the Hinshaw Defendants have separately brought motions to dismiss the amended complaint, which set out some of the bases for dismissal addressed herein. (*See* ECF Nos. 47, 56.) However, because the Court can dismiss the claims *sua sponte* as frivolous, it does not reach a decision on those motions.

8

Relevant here, courts have recognized that the AGC is "part of the judicial arm of the state of New York." *Thaler v. Casella*, 960 F. Supp. 691, 700 (S.D.N.Y. 1997). Accordingly, the AGC's staff-counsel are entitled to absolute immunity from suit, because they act in a "'quasi-public adjudicatory or prosecutorial capacity.'" *Id.* (quoting *Barbara v. N.Y. Stock Exchange, Inc.*, 99 F.3d 49, 58 (2d Cir. 1996)).

According to the amended complaint, the State Defendants: improperly handled Plaintiff's ethics complaints (Am. Compl. ¶¶ 4, 46, 52); failed to supervise the AGC staff (*Id*. ¶ 8); improperly exercised jurisdiction over her conduct and filings, at times through forgery and perjury (*Id*. ¶¶ 3, 9–10, 46, 48, 59, 60, 67); improperly transferred her complaints to the purportedly wrong jurisdiction (*Id*. ¶ 11); improperly disclosed her confidential information and files (*Id*. ¶¶ 14, 22, 25, 142); engaged in retaliatory harassment through the issuance of sanctions (*Id*. ¶¶ 17, 22, 53); failed to properly discharge their duties under New York Rules for Attorney Disciplinary Matters (*Id*. ¶¶ 2, 24, 26, 149); engaged in an "illegal enterprise . . . in furtherance of a conspiracy" to target her and others who file ethics complaints against New York City attorneys (*Id*. ¶ 40; *see also* ¶¶ 45, 147); and aided and abetted the unlawful taking of her patent claims without just compensation (*Id*. ¶ 62). The only reasonable inference that can be drawn from these allegations is that the State Defendants' alleged wrongful conduct stems from their judicial or quasi-judicial functions. That Plaintiff alleges that the State Defendant's conduct was malicious or somehow improper is of no consequence. The immunity afforded to judges and officials "is not overcome by allegations of bad faith or malice, nor can a judge be deprived of immunity because the action he took was in error [] or was in excess of his authority." *Weissbrod*, 2013 WL 12084506, at *2 (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (per curiam))). Accordingly, the State Defendants are immune from suit.

Even if the State Defendants were not immune from suit, Plaintiff's claims regarding past attorney disciplinary matters would be barred under the *Rooker-Feldman* doctrine. Plaintiff requests intervention in state ethics proceedings that she commenced against Defendants Supple and Squitieri and that the AGC commenced against her. (*See id*. at 43–44, ¶¶ (b)–(c), (g), (i), (k)–(l).) However, under the *Rooker-Feldman* doctrine, Plaintiff is barred from bringing any claim challenging a state court decision in federal court. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923). That is, *Rooker-Feldman* bars federal courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine bars federal jurisdiction when: (1) the plaintiff lost in state court or in a state disciplinary proceeding; (2) his or her alleged injuries were caused by the state courts' orders; (3) the state court rendered its determinations before the federal action was commenced; and (4) the plaintiff challenges the state courts' decisions. *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (outlining the four requirements for the *Rooker-Feldman* doctrine to apply); *see also Neroni v. Zayas*, 663 F. App'x 51, 53 (2d Cir. 2016) (applying the doctrine equally to attorney disciplinary determinations).

Each of these elements are easily met here. Plaintiff alleges that she was suspended and sanctioned by the AGC and alleges that the AGC failed to take action in response to her ethics complaints against Defendants Supple and Squitieri. (*See, e.g.*, Am. Compl. ¶¶ (b), (g).) Now, years later, Plaintiff seeks injunctive relief and damages for the AGC's alleged wrongdoing. Against this backdrop, it is undeniable that the *Rooker-Feldman* doctrine applies.[6]

---

[6] The *Younger* abstention doctrine also requires federal courts to abstain from interfering with certain pending state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 43–45 (1971) (identifying the "primary sources" of the

## II.   Plaintiff's Claims Against the Hinshaw and Squitieri Defendants

Plaintiff's claims against the Hinshaw Defendants and Squitieri Defendants are barred by the doctrine of *res judicata* which "protect[s] parties from having to relitigate identical claims or issues and . . . promote[s] judicial economy." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2d Cir. 1998).  In particular, *res judicata* bars subsequent litigation if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."  *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000).

Giving Plaintiff's allegations the strongest argument they can make, Plaintiff seeks to compel the Cowan firm (who is not named as a Defendant in this action) to return her patent and inventorship files; to compel the Squitieri Defendants to produce to her files related to their representation of her; an order retroactively disqualifying the Hinshaw Defendants in the SDNY Action; damages for aiding and abetting fraud and the obstruction of justice; and damages under common law tort theories of defamation and intentional infliction of emotional distress.  These very claims were raised in prior litigation.  Plaintiff brought a motion to disqualify the Hinshaw Defendants in the SDNY Action and a prior New York Supreme Court action.  *See Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 2014 WL 6491281, at *6 (S.D.N.Y. Nov. 20, 2014); *Weissbrod-Gurvey v. State of New York*, No. 100163/2015 (N.Y. Sup. Ct. Aug. 29, 2016).  Plaintiff's intentional tort and aiding and abetting claims against the Hinshaw Defendants were thoroughly litigated and adjudicated in the prior New York Supreme Court action and a separate

---

"longstanding public policy against federal court interference with state court proceedings).  Relevant here, attorney disciplinary proceedings are precisely the type of enforcement action to which *Younger* applies.  *Schorr v. Dopico*, 205 F. Supp. 3d 359, 363 (S.D.N.Y. 2016) ("Disciplinary proceedings against attorneys fall within the category of proceedings to which *Younger* applies."), *aff'd*, 686 F. App'x 34 (2d Cir. 2017).

11

action filed in the Southern District of New York.  *See Weissbrod-Gurvey*, No. 100163/2015; *Weissbrod Gurvey v. Hon. Jonathan Lippman*, No. 18-cv-2206 (S.D.N.Y. June 5, 2018).  In both cases, her claims were dismissed.  *See Weissbrod-Gurvey*, No. 100163/2015, slip op. at 8 (N.Y. Sup. Ct. Aug. 29, 2016) (granting the Hinshaw Defendants' motion to dismiss and for filing injunction against Plaintiff); Order of Dismissal at 2, *Weissbrod Gurvey*, No. 18-cv-2206 (S.D.N.Y. June 5, 2018), ECF No. 29 ("[T]he Court concludes that Plaintiff's allegations and arguments are frivolous.").  With respect to the Squitieri Defendants, Plaintiff has already successfully litigated her claim in a prior New York Supreme Court action.  *See Gurvey v. Squitieri and Fearon, LLP*, No. 2012-102516, slip op. (N.Y. Sup. Ct. April 30, 2013).  Accordingly, Plaintiff's claims against the Hinshaw and Squitieri Defendants are barred by *res judicata*.  To the extent Plaintiff attempts to allege new tort claims not previously alleged in prior actions, the allegations here are impermissibly vague and simply do not state a claim.  *See* Fed. R. Civ. P. 8(a)(2); *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (affirming district court's dismissal of claims that were "so vague as to fail to give the defendants adequate notice of the claims against them").  Accordingly, Plaintiff's claims against the Hinshaw Defendants and Squitieri Defendants must be dismissed.

### III.    Filing Injunction

State Defendants and the Hinshaw Defendants separately move for a filing injunction, barring Plaintiff from filing any civil action in this Court against them arising out of the events alleged in the amended complaint, without prior leave of the Court.  (ECF Nos. 52, 56–14.) "The United States Courts are not powerless to protect . . . litigants [] from the depredations of those [] who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive [] proceedings." *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir.

1984) (quoting *In Re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981)). Indeed, federal courts have the "inherent authority" to "'impose sanctions against litigants who abuse the judicial process,' and '[t]he filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction.'" *Vassel v. Firststorm Props. 2 LLC*, 750 F. App'x 50, 52 (2d Cir. 2018) (alteration in original) (quoting *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996)). The Second Circuit has identified five factors relevant to the decision to impose a filing injunction:

> "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation," including whether the litigant has "an objective good faith expectation of prevailing[]; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."

*Id.* (quoting *Safir v. U.S. Lines Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (internal quotation marks omitted)). Although the Court is loathe to enjoin a party from filing suit, this litigation cries out for the application of an injunction. Indeed, each factor counsels in favor of the Defendants' requests.

*First*, Plaintiff has a history of vexatious litigation. This Court would not be the first to make such a finding. *See, e.g.*, *In re Gurvey*, 958 N.Y.S.2d at 6 (noting that Plaintiff was "sanctioned for 'years of vituperative litigation,' frivolous motion practice, and intentional misrepresentations to the court"). *Second*, Plaintiff brought claims already found to be barred by immunity and *res judicata*. *See Weissbrod*, 2013 WL 12084506. *Third*, Plaintiff, an attorney, is not entitled to any special solicitude as a *pro se* litigant. *See Larsen*, 533 F.Supp.2d at 295 n.2 (E.D.N.Y. 2008) ("[T]he rules afforded pro se litigants are not relaxed when that litigant is also an attorney[.]"). *Fourth*, Plaintiff's repeated frivolous lawsuits are a needless imposition on

13

State Defendants, the Hinshaw Defendants, and the courts. *Fifth*, other sanctions cannot adequately protect the courts and the other parties. Indeed, courts have already imposed monetary sanctions on Plaintiff, which did not dissuade her from commencing the instant action. Plaintiff's arguments advanced opposing the filing injunction are utterly meritless. (*See generally* Pl.'s Mem. L. Opp. Mot. Dismiss, ECF No. 59.)

## CONCLUSION

For the foregoing reasons, the amended complaint is DISMISSED in its entirety. State Defendants and the Hinshaw Defendants' motions for a filing injunction are GRANTED. Defendants' motions to dismiss the amended complaint are DISMISSED as MOOT. Plaintiff is barred from filing any civil action in the Eastern District of New York against the State Defendants or the Hinshaw Defendants arising out of the events alleged in the amended complaint, without prior leave of the Court.

SO ORDERED.

Dated: Brooklyn, New York
     September 30, 2021

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge